UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MICHAEL A. JAMES (#174134)**　　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　　　　　　　　**22-551-SDD-EWD**

**C. McDOWELL, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 6, 2023.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**ERIN WILDER-DOOMES**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MICHAEL A. JAMES (#174134)**  CIVIL ACTION NO.

**VERSUS**  22-551-SDD-EWD

**C. McDOWELL, ET AL.**

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Before the Court is the Complaint, as amended, of Plaintiff Michael A. James ("James"), who is representing himself and who was previously confined at the East Baton Rouge Parish Prison.[1] Pursuant to the screening process under 28 U.S.C. § 1915A, and the authority under 28 U.S.C. § 1915(e), it is recommended that the Court decline to exercise supplemental jurisdiction over potential state law claims and that all federal claims be dismissed with prejudice as legally frivolous and/or for failure to state a claim.

### I. Background

James filed this suit on or about August 8, 2022[2] against C. McDowell,[3] Dennis Grimes, Sid J. Gautreaux, III, the East Baton Rouge Parish Prison, the East Baton Rouge Parish Sheriff's Office, and East Baton Rouge Parish (collectively "Defendants"), alleging violations of his constitutional rights based on an incident where James fell out of a transportation van and suffered injuries, for which he blames McDowell.[4] James seeks to recover money damages.[5]

### II. Law & Analysis

#### A. Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted

---

[1] R. Docs. 1 & 4.
[2] The Complaint is dated August 8, 2022, although it was not filed with this Court until August 11, 2022.
[3] James initially named "Sgt. C. McDowell" as a defendant. R. Doc. 1, pp. 1, 4. In his Amended Complaint, James names "R. McDowell." R. Doc. 4, p. 1. As the factual allegations are the same, the Court assumes this is the same person. This defendant will be referred to in the Report as "McDowell.")
[4] R. Doc. 1.
[5] R. Doc. 1, p. 6.

IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[6] These statutes give the court the ability to separate those claims that may have merit from those that clearly lack a basis in law or in fact. Dismissal of any claim that does not pass screening may be made by the court before service of process or before any defendant has answered. Because James has named government employees and entities as defendants, his suit is subject to screening.

To determine whether a Complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[7] This means the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] For a complaint to survive dismissal, it must have enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[11]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[12] pleaded facts that are merely improbable or strange are not frivolous for

---

[6] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. James was granted IFP status on August 26, 2022, so both statutes apply. R. Doc. 3.

[7] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Id.*

[11] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

[12] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

2

purposes of screening.[13] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[14] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[15]

### B. James Cannot State a Claim for Deliberate Indifference against McDowell[16]

A jail official's treatment of a pretrial detainee is governed by the substantive protections of the Due Process Clause of the Fourteenth Amendment which ensures the detainee's right to be free from punishment before he is found guilty.[17]

The appropriate standard used to evaluate a constitutional challenge by a pretrial detainee depends on whether the challenge is an attack on a condition of confinement or a complaint about one or more occasional acts or omissions.[18] A conditions of confinement case is a constitutional attack on the "general conditions, practices, rules, or restrictions of pretrial confinement."[19] In such case, the harm is caused by the condition or policy itself, and this is true, for example, where inadequate medical care, *as a whole,* results in intolerable conditions of confinement.[20] If a pretrial detainee is complaining of one or more particular acts or omissions by prison officials, the claim is characterized as an "episodic act or omission" case.[21]

---

[13] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[14] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[15] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[16] Even if James had stated a claim on the substantive facts, the action may still be subject to dismissal, as James failed to exhaust administrative remedies before filing this suit. 42 U.S.C. § 1997e. *See* R. Doc. 1, p. 3 (checking the box that he did not engage in the prison grievance procedure because he did not think it was the "correct solution.").
[17] *See Bell v. Wolfish,* 441 U.S. 520, 535–36.
[18] *Hare v. City of Corinth,* 74 F.3d 633, 643 (5th Cir. 1996).
[19] *Id.*
[20] *Cf., Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997) (*en banc*).
[21] *Id.*

3

This case presents an episodic act or omission.[22] "[T]o prove an underlying constitutional violation in an individual or episodic acts case, a pre-trial detainee must show that an official acted with subjective deliberate indifference."[23] In applying the deliberate indifference standard, the critical question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm yet disregarded that risk by failing to take reasonable steps to stop it.[24] Specifically, a plaintiff must show that prison officials were personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and must also show that the prison officials drew the inference.[25]

The facts, read in the light most favorable to James, do not demonstrate that McDowell was deliberately indifferent on October 13, 2021. Rather, McDowell's actions in applying the ankle chains, allegedly improperly, and in not assisting James out of the transportation van, rise only to the level of negligence, not deliberate indifference.[26] Indeed, James blames McDowell's negligence for causing his fall.[27]

McDowell's delay in helping James up and providing him with medical treatment also does not rise to the level of deliberate indifference. "A delay in providing medical care is not a violation of this constitutional right unless it results in substantial harm."[28] There is no allegation that the apparently short delay between when James fell and when he was escorted "directly" to the

---

[22] No facts indicate the existence of an established rule or restriction or that the official's acts or omissions were sufficiently extended or frequent, to show that this case should be analyzed under a conditions of confinement analysis. *See Hare*, 74 F.3d at 644-645.
[23] *Longoria v. Cnty. of Dallas, Texas*, No. 14-3111, 2018 WL 339311, at *2 (N.D. Tex. Jan. 9, 2018), citing *Scott*, 114 F.3d at 54 (quoting *Hare*, 74 F.3d at 649 n.4).
[24] *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).
[25] *Id*.
[26] *See Lard v. Goodwin*, No. 09-1083, 2012 WL 2879018, at *3–4 (W.D. La. June 21, 2012), report and recommendation adopted, No. 09-1083, 2012 WL 2878968 (W.D. La. July 13, 2012) (dismissing as frivolous legally blind inmate's claim that officers were deliberately indifferent when the plaintiff slipped and fell on improperly placed steps while exiting a transportation van without assistance).
[27] R. Doc. 1, p. 5 (stating that his personal injuries are "due to Sgt. McDowell [sic] negligence …"; R. Doc. 4, p. 3 (stating that his injuries were "caused solely by the fault and negligence of defendant R. McDowell …").
[28] *Lacy v. Shaw*, 357 Fed.Appx. 607, 609 (5th Cir. 2009), citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

emergency room resulted in substantial harm or worsened James's condition.[29]  Accordingly, James' claims against McDowell are subject to dismissal.[30]

### C. The Remaining Defendants are Subject to Dismissal

Reading the complaint liberally, the remaining Defendants are potentially named as final policymakers.  However, an underlying constitutional violation is required for such a claim, and as discussed above, James has not alleged facts that indicate an underlying constitutional violation committed by McDowell.[31]  Therefore, James's claims against the remaining Defendants--Dennis Grimes, Sid J. Gautreaux, III, the East Baton Rouge Parish Prison, the East Baton Rouge Parish Sheriff's Office, and East Baton Rouge Parish--are subject to dismissal on this basis, and for the additional reasons that follow.

### D. James Cannot State a Claim against East Baton Rouge Parish Prison or the East Baton Rouge Parish Sheriff's Office

James has named the East Baton Rouge Parish Prison and the East Baton Rouge Parish Sheriff's Office as Defendants. 42 U.S.C. § 1983, the statute upon which James's claims are based, creates a cause of action against "[e]very *person* who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."

---

[29] R. Doc. 4, p. 2.  James says after the fall, McDowell just watched until the second escort officer told McDowell to help James and take him directly to the emergency room. Though James alleges substantial injuries from the fall, by his own allegations, the fall was caused by McDowell's negligence, and it does not appear that the short delay in medical attention worsened any of James's injuries.  *See Drumm v. Valdez*, No. 16-3482, 2019 WL 7494443, at *8 (N.D. Tex. Dec. 3, 2019) (finding prisoner failed to state viable claim based on alleged delay in care, where although nurse examined a deep laceration to his elbow and only provided basic care, the next day medical personnel sutured the wound and prisoner claimed no substantial harm in connection with the delay); *Searcy v. Cooper*, No. 01-112, 2001 WL 435071, at *3 (N.D. Tex. April 20, 2001) (dismissing claim as frivolous based on a delay in medical care, where inmate had "not alleged that his condition worsened during the relatively short delay").

[30] Though ordinarily a *pro se* plaintiff should be given a chance to amend his or her complaint before dismissal, leave to amend is not necessary if amendment would be futile. *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017).  James has already amended his Complaint once and the facts are consistent. Because it does not appear that he could allege any facts consistent with those already alleged that would rise to the level of deliberate indifference, amendment would be futile.  Therefore, it is recommended that James not be given further leave to amend before this case is dismissed.

[31] *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005) (to hold a city liable under § 1983, plaintiffs must show an underlying claim of violation of constitutional rights).

5

Only a "person" may be sued for violation of an inmate's constitutional rights. "[A] prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term."[32] Accordingly, James's claims against the East Baton Rouge Parish Prison and the East Baton Rouge Parish Sheriff's Office should be dismissed with prejudice as legally frivolous.

### E. James has not Stated a Claim against Dennis Grimes, Sid J. Gautreaux, III, or East Baton Rouge Parish[33]

James has also named Grimes, Gautreaux, and East Baton Rouge Parish as Defendants, apparently because he views these defendants as having ultimately supervisory responsibility for McDowell.[34] Indeed, James specifically notes that Gautreaux and East Baton Rouge Parish are "vicariously liable" for the actions of McDowell.[35] However, supervisory officials may be held liable under § 1983 only if they actively participate in acts that cause the constitutional violation or implement unconstitutional policies that cause the plaintiff's injury.[36] Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is not enough to state a claim under § 1983.[37] Further, if the supervisory official does not directly participate in the alleged constitutional violation, an inmate plaintiff must be able to show that he was deprived of his constitutional rights because an employee implemented the supervisor's wrongful policies or as a result of a breach by

---

[32] *Cozzo v. Tangipahoa Parish Council—President Government*, 279 F.3d 273, 283 (5th Cir. 2002) (sheriff's office not a legal entity capable of being sued, although Louisiana sheriffs may be sued in official capacity); *see also Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. Sept. 13, 1988) ("[T]he Court finds that East Baton Rouge Parish Sheriff's office is not a legal entity which may be sued.").
[33] Grimes was not named in James's amended Complaint, but potential claims against him are discussed out of an abundance of caution.
[34] James does not make any factual allegations against Grimes.
[35] R. Doc. 4, pp. 4-5.
[36] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).
[37] *See Iqbal*, 556 U.S. at 676, citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability.").

the supervisor of a duty imposed by state law.[38] A supervisor can be liable if he establishes a policy so deficient that the policy itself may be seen as the moving force behind a constitutional violation.[39]

James has not alleged that either Grimes or Gautreaux was personally involved in his accident, and he has not alleged that McDowell's actions or inactions were because of any policy or policies, much less any policies implemented by Gautreaux or Grimes.[40] Rather, James specifically seeks to hold Gautreaux, and presumably Grimes, under a theory of vicarious liability because they have ultimate responsibility for the inmates in their custody, which is insufficient to state a claim under § 1983. Thus, James has failed to state a claim against Gautreaux and Grimes. Because he has not stated a claim against Gautreaux, and because municipal liability also cannot be established under a theory of vicarious liability, James's claims against East Baton Rouge Parish also fail.[41]

### F. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that James seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[42] Considering the recommendation that all James's federal claims be dismissed as legally

---

[38] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[39] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).
[40] *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that under section 1983, officials are not vicariously liable for conduct of those under their supervision, rather, they are accountable for their own acts and for implementing unconstitutional policies that result in constitutional deprivations); *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'").
[41] *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 691 (1978).
[42] 28 U.S.C. § 1367.

frivolous and/or for failure to state a claim, it is also recommended that this Court decline the exercise of supplemental jurisdiction over potential state law claims.[43]

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over potential state law claims, that Michael A. James's federal claims be **DISMISSED WITH PREJUDICE** for failure to state a claim and/or as legally frivolous pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this case be **CLOSED**.[44]

## ORDER

Considering the recommendation of dismissal without further leave to amend, **IT IS ORDERED** that the Motion to Appoint Counsel,[45] filed by Michael A. James, is **DENIED** without prejudice to reurging if the recommendation of dismissal is not adopted.[46]

Signed in Baton Rouge, Louisiana, on March 6, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[43] The potential state law claim is one for negligence.
[44] James is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should the recommendation for dismissal be adopted, the dismissal will count as a strike.
[45] R. Doc. 5.
[46] James's only stated reason for needing counsel is the lack of access to a law library. R. Doc. 5, p. 1. James clearly explained the facts giving rise to his Complaint, but they do not rise to the level of a constitutional violation. This is a deficiency that counsel could not correct, so appointment of counsel is not warranted at this stage.